IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVEN SILMON, 1491941,<br>   Petitioner, | )<br>)<br>) |
| v. | )   No. 3:10-CV-2391-N |
| | ) |
| RICK THALER, Director, Texas<br>Dept. Of Criminal Justice, Correctional<br>Institutions Division,<br>   Respondent. | )<br>)<br>)<br>) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

Petitioner challenges his conviction for burglary of a habitation, enhanced by two prior felony convictions. *State of Texas v. Steven Silmon*, No. F-0701259-N (195th Dist. Ct., Dallas County, Tex., Mar. 6, 2008). He was sentenced to sixty years imprisonment.

On April 30, 2009, the Fifth District Court of Appeals affirmed the conviction and sentence. *Silmon v. State*, No. 05-08-00399-CR (Tex. App. – Dallas, 2009, no pet.). On July 28, 2009, the Fifth District denied Petitioner's motion for rehearing. Petitioner did not file a petition for discretionary review.

On July 26, 2010, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Silmon*, Application No. 74,483-01. On August 25, 2010, the Court of Criminal Appeals denied

the petition without written order on the findings of the trial court.

On August 7, 2010, Petitioner filed this federal petition. He argues:

(1) The evidence was insufficient to support the conviction;

(2) He received ineffective assistance of counsel when counsel:

    (A) failed to conduct a sufficient investigation;

    (B) failed to interview and subpoena witnesses;

    (C) failed to put his driver's license in evidence;

    (D) failed to introduce psychological evidence that would show he was actually innocent; and

(3) The trial court erred when it failed to instruct the jury on a lesser-included offense.

On May 13, 2011, Respondent filed his answer. Petitioner did not file a reply. The Court now determines the petition should be denied.

## II. Factual Background

The following factual background is taken from the opinion of the Fifth District Court of Appeals.

> [Petitioner] and the complainant previously lived together. Originally, [Petitioner] had helped the complainant around her house. Later, they had a brief romantic relationship. Eventually, the romantic relationship turned bad and the complainant asked [Petitioner] to leave. He left, but about two weeks later, he appeared at her house with a woman. When the complainant would not let him in, [Petitioner] pushed open the back door. The door knocked the complainant down. While she was on the floor, [Petitioner] kicked her in the face and chest. He took her automobile keys and asked for her money. The complainant called [Petitioner's] mother and, eventually, the police. After the police left, [Petitioner] returned to the house.

*Silmon v. State*, No. 05-08-00399-CR, slip op. at 1.

## III.  Discussion

1. **Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (e)
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000).  Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.  *Id*.

2. **Procedural Bar**

Petitioner argues the evidence was insufficient to support the conviction, and the trial court erred when it denied his motion for new trial.  Respondent argues these claim are procedurally barred.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -3-

Federal courts may not review a state court decision that rests on an adequate and independent state procedural default, unless the habeas petitioner shows cause for the default and "prejudice attributable thereto" or demonstrates that the failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989).

In this case, Petitioner failed to raise his insufficiency of the evidence claim on direct appeal. Under Texas law, insufficiency of the evidence is not cognizable on habeas review. *West v. Johnson*, 92 F.3d 1385, 1398, n.18 (5th Cir. 1996). The state habeas court therefore found Petitioner's claim procedurally barred. Since the state court's denial of Petitioner's claim was based on an adequate and independent state procedural rule, his claim is procedurally barred.

Additionally, Petitioner argues the trial court erred when it denied his motion for new trial. Respondent argues this claim is unexhausted and procedurally barred.

Additionally, the record shows Petitioner did not argue on direct appeal or in his state habeas petition that the trial court erred when it denied his motion for new trial. The claim is therefore unexhausted. The claim is also procedurally barred because if Petitioner were to return to state court to file a second state habeas petition the claim would be subject to dismissal under the Texas abuse-of-the-writ doctrine. TEX. CODE CRIM. PRO. Ann. art. 11.07, § 4. That doctrine "prohibits a second [state] habeas petition, absent a showing of cause, if the applicant urges grounds therein that could have been, but were not, raised in his first habeas petition." *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (footnote omitted). "[A]rticle 11.07 § 4 is an adequate and independent state procedural ground to bar federal habeas review and . . . has been strictly and regularly applied since 1994." *Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000). When such a state procedural ground exists, "federal courts ordinarily will not review questions

of federal law . . . ." *Id.* (citing Coleman v. Thompson, 501 U.S. 722, 729 (1991)).

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750). Petitioner has shown no cause for his failure to present these claims to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* (citing *Schlup*, 513 U.S. at 327). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Accordingly, the procedural default doctrine bars federal habeas relief on Petitioner's claims.

**3.     Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the

Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

    A.    **Failure to investigate, interview and subpoena witnesses**

Petitioner argues his counsel was ineffective because he failed to interview and subpoena neighbors and friends of Petitioner and the complainant. Petitioner claims these witnesses would have testified favorably for the defense. Petitioner, however, has failed to show that any witness would have been willing to testify at trial and would have testified favorably for the defense. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) (stating that to establish the requisite *Strickland* prejudice, Petitioner must show that the testimony would have been favorable); *see also See Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) ("hypothetical or theoretical testimony will not justify the issuance of a writ . . . ."). Petitioner submits one letter from his niece, Keyandra Thomas, who states that the complainant is dishonest and that Petitioner lived at the complainant's house during an unspecified time-frame. *Ex parte Silmon* at 64. The letter

does not state that Ms. Thomas was available and willing to testify at trial. It also provides no information regarding whether Petitioner was living at the complainant's home at the time of the incident, or whether Petitioner had consent to enter the complainant's home on the date of the incident. Petitioner has failed to show he received ineffective assistance of counsel regarding this claim.

    B.    **Driver's License**

Petitioner argues his counsel was ineffective because counsel failed to introduce Petitioner's driver's license into evidence. Petitioner states his driver's license showed that he lived at the complainant's house, and he therefore had the effective consent of the complainant to enter the house.

The record shows the complainant testified that she and Petitioner had a brief romantic relationship that ended before the offense occurred. (Trial Tr. Vol. 4 at 19.) After the relationship ended, she testified Petitioner was no longer allowed in her house. (*Id*. at 20.) She stated Petitioner did not have a key to her house and she told him he was not welcome at her house. (*Id*. at 20-21.) She testified that on the date of the incident, Petitioner was trying to kick down her door to gain access into the house. (*Id*. at 27.) She states she ran from door to door trying to put chairs under them to brace them against Petitioner's kicks. (*Id*. at 27.) She states that in the confusion, instead of locking one of the doors, she unlocked the door. (*Id*.) When Petitioner came through the door, she stated the door hit her and knocked her to the ground. (*Id*. at 28.) Complainant testified that Petitioner then began kicking her in the face and body. (*Id*.) Officer Kevin Williams testified that he responded to the complainant's 911 call and saw that the complainant's door was damaged. (*Id.* at 45.)

The testimony shows that the complainant did not give Petitioner consent to enter her house at the time of the incident. Petitioner's mother also testified that Petitioner and complainant had broken off their relationship and Petitioner was living with another woman at the time of the incident. (*Id*. at 67.) Petitioner has failed to show but for his counsel's failure to admit his driver's license into evidence, there is a reasonable probability that the result of the trial would have been different.

### C. Actual Innocence

Petitioner argues his counsel was ineffective because counsel failed to present psychological evidence that would show Petitioner's actual innocence. (Pet. Brief at 27.) Petitioner fails to explain what psychological evidence his counsel should have admitted, and how it would show his actual innocence. Petitioner's claim should be denied.

### 4. Lesser Included Offense

Petitioner argues the trial court erred when it failed to instruct the jury regarding the lesser included offense of criminal trespass to a habitation. In a noncapital case, however, "the failure to give an instruction on a lesser included offense does not raise a federal constitutional issue." *Creel v. Johnson*, 162 F.3d 385, 390 (5th Cir. 1998); *see also*, *Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir. 1988). This claim should be denied.

### 5. Summary

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented

in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 14th day of November, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).